[Cite as *State v. Gebrosky*, 2024-Ohio-5525.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-24-034
                                                                           WD-24-035

        Appellee                     Trial Court No. 2021-CR-388
                                                                           2022-CR-096

v.

John E. Gebrosky                            **DECISION AND JUDGMENT**

        Appellant                     Decided:  November 22, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

John E. Gebrosky, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal of May 8, 2024 judgments of the Wood County

Court of Common Pleas, in cases 2021-CR-388 and 2022-CR-096 denying appellant's

Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

*Procedural History*

{¶ 2} In case No. 21CR388, following a jury trial, appellant was found guilty of rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree, and guilty of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree. The trial court determined the two offenses were not allied offenses and not subject to merger and imposed a mandatory prison term of 10 years to life for the offense of rape, and a definite prison term of 3 years for the offense of gross sexual imposition, ordered the sentences to be served consecutively, and classified appellant as a Tier III sex offender.

{¶ 3} In case No. 2022CR096, the jury found appellant guilty of rape in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree, and guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1), a felony of the fourth degree. The trial court determined the two offenses merged, and the state elected to proceed to sentencing on the rape count. The trial court imposed a mandatory prison term of 8 years on the rape offense and classified appellant as a Tier III sex offender. The trial court ordered the sentence in case No. 2022CR096 to run consecutively to the sentence in case No. 2021CR388.

{¶ 4} Appellant appealed from those judgments, and we affirmed the decision of the trial court. *State v. Gebrosky*, 2024-Ohio-2659, ¶ 56-62 (6th Dist), *appeal not allowed*, 2024-Ohio-5104.

2.

*Petition to Vacate or Set Aside Judgment of Conviction or Sentence*

{¶ 5} On April 22, 2024, appellant filed pro se a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" in both cases. In his petition, he presented one constitutional claim of ineffective assistance of counsel in both cases alleging that neither of his attorneys "used evidence provided in defense of client: Recorded interviews, and paper documents." In this filing, appellant enumerated eleven individual instances that he captioned as "Index of Evidence."

{¶ 6} On May 8, 2024, the trial court summarily denied these petitions and found them not well-taken.

*Assignments of Error*

{¶ 7} In this consolidated appeal, appellant presents two assignments of error, arguing that the trial court abused its discretion when it failed to issue findings of fact and conclusions of law as required by R. C. 2953.21 (H). The state concedes and argues that this court should find appellant's assignments of error to be well-taken and that this case should be remanded back to the trial court to issue findings of fact conclusions of law pursuant to R.C. 2953.21(H).

{¶ 8} Disposition of a petition for postconviction relief is governed by R.C. 2953.21. That section states, in pertinent part:

> (H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If the petition was filed by a person who has been sentenced to death, the findings of fact and conclusions of law shall state specifically the reasons for the denial of relief on the petition and of each claim it contains. If

3.

no direct appeal of the case is pending and the court finds grounds for relief or if a pending direct appeal of the case has been remanded to the court pursuant to a request made pursuant to division (F) of this section and the court finds grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a petitioner who is a prisoner in custody, except as otherwise described in this division, shall discharge or resentence the petitioner or grant a new trial as the court determines appropriate. If the court finds grounds for relief in the case of a petitioner who filed a petition under division (A)(1)(a)(iv) of this section, the court shall render void the sentence of death and order the resentencing of the offender under division (A) of section 2929.06 of the Revised Code. If the petitioner has been sentenced to death, the findings of fact and conclusions of law shall state specifically the reasons for the finding of grounds for granting the relief, with respect to each claim contained in the petition. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail. If the trial court's order granting the petition is reversed on appeal and if the direct appeal of the case has been remanded from an appellate court pursuant to a request under division (F) of this section, the appellate court reversing the order granting the petition shall notify the appellate court in which the direct appeal of the case was pending at the time of the remand of the reversal and remand of the trial court's order. Upon the reversal and remand of the trial court's order granting the petition, regardless of whether notice is sent or received, the direct appeal of the case that was remanded is reinstated.

{¶ 9} In this case, it is undisputed that the trial court failed to make findings of fact and conclusions of law as required by this statute.

*Conclusion*

{¶ 10} We find appellant's assignments of error well-taken and reverse the decision of the trial court and further, remand this consolidated case to the trial court to

4.

make findings of fact and conclusions of law that state specifically the reasons for the denial of relief on the petition and of each claim it contains. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                     _____
                                           JUDGE
Gene A. Zmuda, J.

                                           _____
Myron C. Duhart, J.                        JUDGE
CONCUR.

                                           _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.